UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

JUL 0 2 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____*UR*_____, DEPUTY

ZAVON GRIFFIN,

Plaintiff,

v.

INNOVIS DATA SOLUTIONS, INC.,

Defendant.

)
)
) **JURY TRIAL DEMANDED**
)
)
)
) CASE NO. *CIV- 26 - 1671-SLP*
)
)
)
)
)
)
)

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### INTRODUCTION

COMES NOW the Plaintiff Zavon Griffin ("Mr. Griffin" or "Plaintiff"), an individual consumer, against Defendant Innovis Data Solutions, Inc., ("Innovis" or "Defendant"). Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681-1681x et seq.

2. Consumer credit reports are frequently plagued by errors and incomplete data. Research has documented that serious inaccuracies affect a significant portion of consumer files. The most comprehensive FTC study to date found that approximately 21% of consumers had verified errors in their credit reports, 13% experienced errors

1

that negatively affected their credit scores, and 5% had errors severe enough to result in a denial of credit or higher credit costs. See FTC Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2023 (2012).

3. These figures indicate that tens of millions of American consumers face material errors in their credit files that may result in them being denied or paying more for credit.

4. To enable consumers to verify the accuracy of information held by consumer reporting agencies, the FCRA mandates that consumer reporting agencies disclose all information in a consumer's file upon request. See 15 U.S.C 1681g. As the Supreme Court recognized, "[a]s the plaintiff's note, the disclosure and summary-of-rights requirements are designed to protect consumers' interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2213 (2021).

## II. JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue in proper in the United States District Court for the Western District of Oklahoma under 28 U.S.C § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and Defendant regularly conducts business in this District.

## III.    PARTIES

7. Plaintiff Zavon Griffin is a natural person residing in Oklahoma.

8. Plaintiff Zavon Griffin is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

9. Upon information and belief, Defendant Innovis is a Missouri corporation with a primary address of 250 E Broad Street Columbus, OH 43215, who is duly authorized and qualified to do business in the State of Oklahoma.

10. Innovis is a nationwide "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f), and it disburses consumer reports to third parties for monetary compensation.

### IV. FACTS OF THE COMPLAINT

11. On or about July 1, 2026 Mr. Griffin obtained copies of his consumer credit disclosures from Innovis through https://www.innovis.com/

12. Innovis was also required under 15 U.S.C. § 1681g(a) to clearly and accurately disclose to Mr. Griffin all information contained in his file at the time of that request, subject only to limited exceptions regarding Social Security number truncation.

13. Innovis's disclosure was materially deficient. It omitted critical data maintained within Plaintiff's consumer file, thereby failing to satisfy its statutory disclosure obligation.

14. The omitted data included inaccurate information, payment history and incomplete account details.

15. The Accounts with known inaccuracies or incomplete data included: Citizens Bank, and Edfinancial Services, among others.

16. The deficiencies and omissions throughout Plaintiff's Innovis disclosure included, but were not limited to, the following missing data fields: incomplete account numbers, incomplete payment history, and missing original creditor name.

17. The following trade-line inaccurate, incomplete, errors and omissions were included but were not limited to:

18. Citizens Bank: …5278 account number is incomplete, the payment history section omits balance, past due, amount paid, scheduled payment, and/or remarks for the reported months of June 2024 through May 2026.

19. Edfinancial Services: …0606 account number is incomplete, the payment history section omits data for the period of September 2019 through May 2021, October 2023 through May 2024, July 2024 through October 2024, December 2024 through May 2025, and August 2025, for a total of 40 months of omitted Payment History data; and date opened is incomplete because it does not match with the payment history section

20. The FCRA unambiguously requires that Innovis clearly and accurately disclose all information contained within a consumer's file upon request from that consumer. 15 U.S.C. § 1681g(a).

21. With respect to the Citizens Banks and Edfinancial Services accounts identified above, Innovis failed to clearly and accurately disclose the full account numbers and account identifiers associated with those accounts. Instead, Innovis disclosed only partial account numbers and identifiers, while withholding, truncating, or omitting the remaining digits and characters.

4

22. Innovis further displayed ellipsis marks in place of the undisclosed portions, indicating that additional information existed but was not provided.

23. Upon information and belief, Innovis maintained additional digits and full account identifiers for these accounts but did not disclose them. As a result, Plaintiff was unable to match the disclosed accounts to his own records or verify the accuracy and completeness of the information contained in his file.

24. Innovis further failed to clearly and accurately disclose the full account numbers and identifiers, payment history, and date opened associated with the Citizens Bank and Edfinancial Services accounts identified above. Innovis also failed to disclose the identity of the original creditor for the Edfinancial services student loan account; the original creditor's name and identifying information are missing or omitted.

25. Upon information and belief, Innovis possessed and maintained the capability, through its systems, data repositories, and furnishing relationships, to disclose complete account numbers and identifiers, payment history, date opened, and original creditor information for the Citizens Bank and Edfinancial Services accounts.

26. Although the Edfinancial Services account is reported as a student loan, the original creditor's name and identifying information are missing or omitted. Edfinancial Services did not lend Mr. Griffin any money and is only the servicers of the loan; Innovis was therefore required to report the identity of the original creditor so that Mr. Griffin could identify the source of the obligation.

27. Despite this capability, Innovis failed to include this information in Mr. Griffin's consumer file disclosure for the accounts at issue.

28. The omission of these data fields rendered the disclosure incomplete, unclear, and inaccurate, and prevented Plaintiff from understanding, verifying, and evaluating the accuracy of the information contained in his file, in violation of 15 U.S.C § 1681g(a)(1).

29. Upon information and belief, the furnishers of the Citizens Bank and Edfinancial Services accounts provided Innovis with full and complete accounts numbers, or more than what was shown thereof, as well as complete payment history data, accurate date opened information, and original creditor information for these accounts.

30. Upon further information and belief, Innovis maintained this information within its systems, regardless of where the information was stored, at the time of Plaintiff's request for a consumer file disclosure.

31. Despite possessing this information, or having the capability to do so, Innovis, as matter of its practices, systems, and procedures, truncated, suppressed, or omitted such information from Mr. Griffin's disclosure.

32. Alternatively, Innovis failed to maintain and implement reasonable procedures, policies, and systems requiring furnishers to provide complete, accurate, and non-omitted account information. Such procedures were necessary to ensure that Innovis could clearly and accurately disclose all information in a consumer's file upon request.

33. Innovis's failure to require and obtain complete information from furnisher placed it in a position where it could not, and did not, provide a clear and accurate disclosure to Mr. Griffin.

34. Upon information and belief, Innovis's capability to provide complete account numbers, full payment history, and original creditor information is further demonstrated by the fact that when Innovis furnishes consumer reports to third-parties, the complete account-level data — including full account numbers and original creditor information — is included in those reports. Innovis thus maintains and discloses this information when it serves Innovis's commercial interests, but withholds the same information from the consumer whose file it is. This disparity demonstrates that the omissions in Mr. Griffin's disclosure was not the product of data unavailability, but of deliberate practice.

35. Upon information and belief, the omissions in Mr. Griffin's disclosure are not the result of an isolated or inadvertent error. Rather, they reflect Innovis's uniform, automated disclosure practice of systematically truncating account numbers and omitting payment history data fields across consumer disclosures generated in response to consumer requests. Innovis has been aware of these systemic deficiencies and has taken no meaningful steps to correct them, despite the fact that such omissions affect the disclosures provided to consumers broadly.

36. The information Plaintiff alleges was incomplete, truncated, omitted, or not clearly and accurately disclosed is not merely internal or technical data. Rather, it consists of material account-level information necessary for consumers to identify the accounts

reported, match those accounts to their own records, detect inaccuracies, and meaningfully verify the completeness and accuracy of the information in their files. Without this information, Mr. Griffin was presented with a distorted and incomplete picture of his consumer file.

37. The actual payment amount allows consumers to determine whether payments were properly credited and whether balances reflect true financial activity, confirm whether an account was brought current, and assess whether reported delinquencies are valid.

38. Complete payment history constitutes materially important information that must be disclosed to consumers under 15 U.S.C § 1681g(a)(1) because it allows a consumer to determine whether an account was active, whether payments were made or missed, whether delinquency exists, and whether the reported tradeline accurately reflects the consumer's financial activity.

39. By omitting these material data fields and leaving critical account information blank, truncated, or otherwise undisclosed, including failing to provide full account numbers or additional account identifiers beyond what was shown, Innovis deprived Mr. Griffin of the ability to cross-reference the reported information with his own records, verify the completeness and accuracy of the information maintained in his file, and identify the source from which the reported obligations originated.

40. This information is critical because it informs consumers, including Mr. Griffin, how the account is being characterized within their consumer file and how it is being sold to third parties. Without a clear and accurate disclosure of the data fields, consumers

cannot determine whether the reporting reflects the true condition of the account or whether the tradeline is being inaccurately characterized.

41. As a direct result of Innovis's failure to clearly and accurately disclose all information in his consumer file, Mr. Griffin was left with a distorted and incomplete picture of the information Innovis maintains about him, was unable to verify the accuracy of the accounts reported, was unable to identify the source of the Edfinancial Services obligation, and was prevented from formulating informed disputes regarding the information reflected in his file.

## V. STATUTORY FRAMEWORK

42. The FCRA allows the consumer to check the accuracy of the information possessed by a consumer reporting agency by requiring that every consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

43. The term "file," when used in connection with information on any consumer, means all the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored. 15 U.S.C. § 1681a(g).

44. Congress imposes **two independent requirements** on consumer reporting agencies: that consumer disclosures be made clearly and that they be made accurately, so that consumers may fully understand the contents of their files.

45. This allows consumers to compare the disclosed information with their own records, identify any inaccuracies, and correct them before the information is disclosed to third parties.

46. See Webster's Third New International Dictionary (3d ed. 1986) (defining "clearly" as, in relevant part, in a manner that is plainly and distinctly conceived as true, without doubt or question, and defining "accurately" as in an accurate manner).

47. A consumer reporting agency that provides a disclosure that is neither clear nor accurate, and that omits information necessary for the consumer to identify, understand, and verify the contents of his file, fails to satisfy its obligations under § 1681g(a)(1).

48. A plaintiff is not required to show an inaccuracy in reporting under §§ 1681e(b) or 1681i in order to state a claim under § 1681g(a)(1). Section 1681g(a)(1) imposes a distinct and independent duty on consumer reporting agencies to clearly and accurately disclose all information in a consumer's file upon request, separate from any claim alleging inaccurate reporting under other FCRA provisions. See *Blevins v. Equifax Info. Servs., LLC*, No. 25-cv-23481-BLOOM/Elfenbein (S.D. Fla. Dec. 29, 2025) (denying motion for judgment on the pleadings and holding that § 1681g(a)(1) does not require a plaintiff to show an inaccuracy in reporting to establish a violation of the disclosure provision).

49. Full account numbers and original creditor names fall within the scope of the term "file" under § 1681g of the FCRA. As courts have recognized, "one primary purpose

10

of the disclosure requirements in [§] 1681g is 'to allow consumers to identify inaccurate information in their credit files and correct this information via the grievance procedure established under [§] 1681i.'" *Brown v. Equifax Info. Servs., LLC*, No. 1:09-CV-0168-CAM-LTW, 2010 WL 11647403, at *10 (N.D. Ga. Feb. 16, 2010). Full account numbers enable consumers to cross-reference their records, and knowing the original creditor is essential to understanding the origin of a debt. *Blevins*, No. 25-cv-23481-BLOOM/Elfenbein, at 5.

50. Section 1681g contains no exception permitting a consumer reporting agency to withhold information from a consumer disclosure on the basis that the omitted information does not bear on the consumer's credit worthiness. The plain language of § 1681g establishes an obligation to disclose all information in the consumer's file without any such exception. *Blevins*, No. 25-cv-23481-BLOOM/Elfenbein, at 5; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440 (2021) (disclosure requirements are "designed to protect consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties").

51. Innovis's failure to disclose full account numbers further violates the FCRA's mandate that a consumer reporting agency clearly and accurately disclose all information contained in a consumer's file. See *Washington v. Equifax Info. Servs. LLC*, No. 3:19-cv-00154, 2019 WL 2443126, at *4 (M.D. Tenn. June 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the

time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.").

52. Further, pursuant to a 2000 FTC Opinion Letter, Advisory Opinion to Darcy (June 30, 2000), it is the FTC's view that a consumer reporting agency that always scrambles or truncates account numbers does not technically comply with Section 609 of the FCRA because it does not provide an "accurate" — and perhaps not "clear" — disclosure of all information "in the file."

53. Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

## VI. ACTUAL DAMAGES

54. As a result of Innovis's failure to clearly and accurately disclose all information contained in Mr. Griffin's consumer file at the time of his request, Mr. Griffin expended significant time attempting to interpret and understand a materially incomplete and misleading disclosure.

55. The disclosure contained omitted, missing, inaccurate, unclear, and incomplete information, as described throughout this Complaint, which rendered it unusable for meaningful review and comparison with Mr. Griffin's own records.

56. Because of these deficiencies, Mr. Griffin was required to review the disclosure multiple times and attempt to match the incomplete information against his personal records without success.

57. This resulted in additional confusion and frustration, as Mr. Griffin was forced to spend time attempting to interpret an inadequate disclosure, only to realize he had not been provided with the information Innovis was statutorily required to produce.

58. Innovis's omissions materially hindered Mr. Griffin's ability to meaningfully review his file, identify inaccuracies, and formulate informed disputes regarding the information it contained.

59. Had Innovis clearly and accurately disclosed all information that Mr. Griffin alleges in this Complaint was incomplete, omitted, truncated, or not clearly and accurately disclosed, Mr. Griffin would have been able to compare the reported data with his personal records, identify inaccuracies, and pursue informed and effective disputes regarding those inaccuracies. Innovis's failure to do so deprived Mr. Griffin of that opportunity and resulted in concrete informational harm.

60. Innovis's failure to clearly and accurately disclose all information in Mr. Griffin's file was the direct and proximate cause of Mr. Griffin's harm. Specifically, Mr. Griffin was required to expend time attempting to interpret an incomplete and confusing disclosure and was unable to verify the accuracy of the reported information. This deprivation of information caused Mr. Griffin to waste time and resulted in ongoing frustration, anger, and emotional distress.

## VII. WILLFUL VIOLATIONS OF THE FCRA

61. Innovis's violations of the Fair Credit Reporting Act were willful.

62. Innovis knew or should have known that 15 U.S.C. § 1681g(a)(1) requires a consumer reporting agency to clearly and accurately disclose all information in a consumer's file upon request. Despite this obligation, Innovis maintained and implemented policies, practices, and procedures that resulted in the truncation, suppression, and omission of material account-level information from consumer disclosures, including Mr. Griffin's consumer disclosure.

63. Upon information and belief, Innovis has long possessed the capability, through its systems, data repositories, and furnishing relationships, to disclose complete account identifiers and full account-level data. Despite this capability, Innovis, as a matter of practice, policy, and procedure, routinely fails to disclose such information to consumers in their file disclosures.

64. Innovis's practice of automatically truncating account numbers to the last two or four digits, and its failure to disclose complete payment history for accounts within its files, are not the result of mere oversight or isolated error, but reflect a systemic practice of providing disclosures that are incomplete, unclear, and inaccurate with respect to material account-level information.

65. In doing so, Innovis acted in reckless disregard of its statutory duties under § 1681g(a)(1) and engaged in conduct that created an unjustifiably high risk of violating Mr. Griffin's rights under the FCRA.

## VIII. CAUSE OF ACTION

69. This action is based upon Defendant's violations of the Fair Credit Reporting Act.

70. All causes of action were the producing causes of damages, which Mr. Griffin suffered.

## IX. FIRST CLAIM FOR RELIEF — 15 U.S.C. § 1681g

71. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

72. Innovis violated the FCRA.

73. Innovis's violations include, but are not limited to, the following: Innovis violated 15 U.S.C. § 1681g by failing to clearly and accurately disclose all of the information in Plaintiff's consumer file at the time of his request.

74. Innovis's conduct in violating the FCRA was willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n.

75. In the alternative, Innovis was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## X. JURY DEMAND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zavon Griffin respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant Innovis Data Solutions, Inc., for the following:

A. Judgment that Innovis violated the FCRA;

B. Actual or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

C. Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

D. Costs and expenses incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

E. Trial by jury on all issues so triable; and

F. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*Zavon Griffin* 07/02/2026

/s/ Zavon Griffin

Zavon Griffin

3913 Chetwood Drive, Del City, OK 73115

Email: griffinzavon@outlook.com

Phone: (580) 951-8084

*Pro Se Plaintiff*